# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x

ANTHONY DiPIPPO,

                Plaintiff,

   -against-         Case No.:
                       17-CV-7948-NSR-JCM
COUNTY OF PUTNAM, ET. AL.,

                Defendants.

---------------------------------------------x

        DEPOSITION OF CHRISTOPHER YORK, ESQ., a non-party witness herein, taken by the Plaintiff, pursuant to Subpoena, held at the offices of Portale Randazzo, LLP, 245 Main Street, Suite 340, White Plains, New York 0601, on Monday, August 19, 2019, at 9:35 o'clock a.m., before Deborah Moschitto, a Shorthand Reporter and Notary Public of the State of New York.



```
 1                         C. York
 2     440 Hearing in which Andy Krivak was
 3     attacking his conviction and you knew that
 4     Denise Rose had admitted to you that she had
 5     intentionally perjured herself about what she
 6     saw that night, at her deposition, you would
 7     have an obligation to disclose it before the
 8     440 Hearing regardless of the grounds for the
 9     440; that is my sense of what you view your
10     obligation and what you would have done is.
11     You tell me if I'm wrong.
12              MR. RANDAZZO:  Objection.
13        Q.    You tell me if there is any
14     universe, if there is any world in which you
15     would have sat on that admission and gone
16     through a 440 Hearing without disclosing it
17     to the court or to the defense.
18              MR. RANDAZZO:  Objection.
19        Q.    Is it possible that you would
20     have done that?
21              MR. RANDAZZO:  Objection.
22        A.    No, I don't think so.  I think I
23     would have disclosed it.
24        Q.    Because that's what your
25     understanding of your obligation is; correct?
```



800.211.DEPO (3376)
EsquireSolutions.com

```
 1                        C. York
 2                MR. RANDAZZO:  Objection.
 3         A.     Yes.
 4         Q.     You would have viewed it as
 5   improper to do so; correct?
 6                MR. RANDAZZO:  Objection.
 7         A.     Well, in a vacuum, without
 8   knowing anything else, I would say yes.
 9         Q.     Now let's look at Denise Rose's
10   testimony.  I'm going to show you her
11   testimony about the gun before I ask you any
12   more questions about it, okay?
13                Now take a look at her
14   deposition, page 102, take a look at line 9.
15   You know what, now I'm going to let you read
16   it all, but line 9, it says, "Okay, this is
17   the question, okay?  Now this is my partner
18   asking her questions, now you mentioned that
19   Anthony DiPippo was selling guns."  You see
20   that?
21         A.     Yeah, I see that.
22         Q.     So that's asking her something
23   about something that clearly originated with
24   her?
25         A.     Yes.
```



```
 1

 2                  C E R T I F I C A T E

 3

 4   STATE OF NEW YORK    )
                          )     ss:
 5   COUNTY OF QUEENS     )

 6

 7            I, DEBORAH MOSCHITTO a Shorthand

 8   Reporter and Notary Public within and for the

 9   State of New York, do hereby certify:
10            That the within is a true and
11   accurate transcript of the testimony taken on the
12   19th of August, 2019.
13            I further certify that I am not
14   related to any of the parties to the proceeding by
15   blood or marriage, and that I am in no way
16   interested in the outcome of this matter.
17            IN WITNESS WHEREOF, I have hereunto
18   set my hand this 26th day of August, 2019.
19
20
                        DEBORAH MOSCHITTO
21
22
23
24
25
```

