

Neufeld Scheck & Brustin, LLP

Tel: [212] 965-9081
Fax: [212] 965-9084

99 Hudson Street, 8th Floor
New York, New York 10013
nsbcivilrights.com

September 17, 2019

Honorable Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10606

Re: *DiPippo v. County of Putnam*, 17-cv-7948 (NSR) (JCM)

Dear Judge McCarthy:

Plaintiff writes in response to the Court's request to provide additional briefing concerning precautions to be taken in conducting Denise Rose's second deposition. Because Rose made an arguably criminal admission to Putnam County prosecutor Larry Glasser—that she deliberately gave false testimony at her first deposition—Ms. Rose may have cause to invoke her Fifth Amendment rights at her second deposition. *See, e.g.*, *In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998) ("Although the [Fifth] [A]mendment refers to criminal cases, it can be asserted in any proceeding, civil or criminal, against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." (internal quotation marks and alterations omitted)). Accordingly, Ms. Rose may wish to retain counsel to defend her deposition.

As the Court instructed, Plaintiff has researched the availability of *appointed* counsel for Ms. Rose. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent *any* person unable to afford counsel" (emphasis added). Courts in New York and elsewhere have interpreted the phrase "any person" to encompass third-party witnesses. *See, e.g.*, *Boda v. Phelan*, 11-cv-00028 (KAM), 2012 WL 3241213, at *6 (E.D.N.Y. Aug. 6, 2012) (noting magistrate judge had appointed counsel for deposition of third-party witness); *Porter v. Louisville Jefferson Cnty. Metro Gov't*, 2016 WL 247580, at *2 (W.D. Ky. Jan. 20, 2016) (appointing counsel to protect third-party witness's Fifth Amendment rights).

Some courts, however, have held that a party, like Plaintiff, may not have standing to request counsel on behalf of a third-party witness, like Ms. Rose. *See, e.g.*, *Sanford v. City of Detroit*, No. 17-13062, D.E. 89 (E.D. Mich. Aug. 7, 2018) (denying plaintiff's motion to appoint counsel to the alleged true perpetrator in a wrongful conviction action) (attached as Exhibit A); *In re Cessna 208 Series Aircraft Prod. Liab. Litig.*, No. 05-1721, 2008 WL 5132686, at *2 (D. Kan. Dec. 5, 2008) (holding plaintiff lacked standing to move for counsel on behalf of third party); *Strong v. Wisconsin*, No. 07-86, 2008 WL 4280393, at *1 (W.D. Wis. Feb. 28, 2008) ("[D]efendants do not have standing to seek appointment of counsel for someone who is not seeking representation.").

1

Accordingly, Plaintiff agrees with the Court's suggestion that the best course would be for the Court to inform Ms. Rose by letter of her right to retain an attorney and give her information for applying for appointed counsel if she cannot afford one. Plaintiff respectfully suggests the following language would be appropriate:

> The Court has ordered you to appear for a second deposition in the matter *DiPippo v. County of Putnam*, 17-cv-7948 (NSR) (JCM), pending in the Southern District of New York. Your deposition will take place at a time and location that will allow the Court to be available by telephone for the entire proceeding. At this deposition, Plaintiff's counsel will question you about testimony from Putnam County assistant district attorney Larry Glasser that you admitted to intentionally giving false testimony at your first deposition and other alleged inconsistencies in your prior testimony. Because this questioning may implicate criminal conduct, the Court hereby informs you of your right to retain counsel to prepare for and defend your deposition. If you cannot afford counsel, you may apply under 28 U.S.C. § 1915(e)(1) for appointed counsel. In informing you of these rights, the Court is neither giving you legal advice nor suggesting that you require counsel for the deposition to go forward.

## **Conclusion**

Plaintiff believes that the above advisory will satisfactorily inform Ms. Rose of her rights at the continuation of her deposition. Plaintiff has attached as Exhibit B a subpoena for the Court's approval. Once approved, Plaintiff will serve Ms. Rose with the subpoena and coordinate with the Court and Ms. Rose to find a suitable date for her deposition.

Respectfully,
/s/ Rick Sawyer
Rick Sawyer
*Attorney for Plaintiff*

CC: All counsel of record, via ECF