# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVONTAE SANFORD,

        Plaintiff,                           Case Number 17-13062

v.                                                  Honorable David M. Lawson

CITY OF DETROIT, MICHAEL
RUSSELL, and JAMES TOLBERT,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## TO APPOINT COUNSEL FOR NON-PARTY WITNESS

This matter is before the Court on the plaintiff's motion to appoint counsel for non-party witness Ernest Davis. The plaintiff contends that the Court should exercise its discretion to appoint counsel to represent Mr. Davis because, when plaintiff's counsel attempted to depose Mr. Davis, after informing him that he could be the subject of an ongoing investigation of the murders for which the plaintiff alleges he was wrongfully convicted, Davis invoked his rights under the Fifth Amendment and refused to answer any questions posed by either plaintiff's or defendants' counsel. The Court has reviewed the plaintiff's motion and finds that he has not shown any good reason why the Court should grant the extraordinary relief of appointing counsel for a person who is not a party to this civil action and who has not requested representation, and that he also lacks standing to pursue the relief that he has requested. The motion therefore will be denied.

"A district court has discretion to appoint counsel for an indigent civil litigant." *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011) (citing 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")). "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court." *Reneer v.*

*Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). "Appointment of counsel in a civil case is not a constitutional right[;] [i]t is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)).

The plaintiff contends that 28 U.S.C. § 1915(e)(1) affords plenary authority for the Court to appoint counsel for anyone whom the Court deems worthy of legal assistance. The Court is not convinced that the reach of its discretion extends so far, and the few courts that have addressed such unusual requests have hesitated to grant them, particularly when confronted with a motion filed by someone other than the person to be represented. *In re Cessna 208 Series Aircraft Prod. Liab. Litig.*, No. 05-1721, 2008 WL 5132686, at *2 (D. Kan. Dec. 5, 2008) ("Even if the Court were to find that Plaintiffs have standing to request the relief sought in the instant motion, Plaintiffs have not sufficiently shown that the circumstances presented justify the extraordinary relief sought."); *Strong v. Wisconsin*, No. 07-86, 2008 WL 4280393, at *1 (W.D. Wis. Feb. 28, 2008) ("[D]efendants do not have standing to seek appointment of counsel for someone who is not seeking representation. The court cannot entertain requests from parties regarding matters on which they have no legal interest."). In this case Mr. Davis has not made any request for representation, and there has been no information supplied to the Court to establish that he could not afford an attorney if he desires one. The mere fact that the witness asserted his Fifth Amendment privilege does not establish that Mr. Davis has any rights at stake in this civil action for which the assistance of counsel would provide any protection, nor does it suggest that if counsel was appointed for him he would be any more forthcoming at a future deposition than he was during the parties' first attempt. The Court therefore finds that the plaintiff has not shown good grounds for granting the extraordinary relief that he seeks, and, moreover, it is doubtful that he even has standing to request it.

Accordingly, it is **ORDERED** that the plaintiff's motion to appoint counsel [81] is **DENIED**.

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Dated: August 7, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 7, 2018.

                              s/Susan Pinkowski  
                              SUSAN PINKOWSKI