# PORTALE | RANDAZZO

James A. Randazzo, Esq.
jrandazzo@PortaleRandazzo.com
Direct Dial: 914-359-2410

September 26, 2019

**Via ECF**
Honorable Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10606

      Re:   *Anthony DiPippo v. County of Putnam, et al.*
            Docket No. 17 Civ. 7948 (NSR)(JCM)

Dear Magistrate Judge McCarthy:

    This firm represents the County of Putnam, Sheriff Robert Thoubboron, Investigators Dan Stephens, Patrick Castaldo, Bill Quick and Officer Victor Nester in the above-mentioned matter. I write today in response to Plaintiff's September 23, 2019 letter motion (Docket No. 55) seeking to compel production of: (1) Defendant Castaldo's sealed records stemming from his plea to a non-criminal offense committed in 2014; and (2) categories of documents from the individual Defendants' personnel files as maintained by Putnam County (the "Letter Motion").

    Defendants object to the unsealing and disclosure of records related to the prosecution of Castaldo in 2014. Defendants also object to disclosure of portions of the requested personnel files. Defendants already produced some of the personnel file documents that Plaintiff seeks to compel production of. Lastly, Defendants request that the Court conduct an *in camera* review of the limited number of personnel file documents in dispute prior to determining if they should be produced to Plaintiff.

    A.  <u>Records Related to Castaldo's 2014 Prosecution</u>

    While Plaintiff is correct that PCDA initiated the prosecution, as Plaintiff informed the Court, the PCDA recused itself and requested that the Orange County District Attorney's Office prosecute the case, which it did to the conclusion of the matter. Upon information and belief, any responsive records are maintained by the Orange County District Attorney.

    Plaintiff incorrectly contends that the Defendants' position is that New York Criminal Procedure Law § 160.55 "prohibits disclosure of such materials." *See* Letter Motion at 2. Defendants' position is more nuanced. It is undisputed this Court has the authority to issue an unsealing record. Defendants advised Plaintiff that because the records are sealed pursuant to § 160.55 that the PCDA and Putnam County Sheriff's Department, if they possess records, are

forbidden from disclosing such records absent an order unsealing them or a signed waiver by the defendant.

Defendant Castaldo objects to the unsealing of these records pursuant to his strong privacy interest in the records relating to his non-criminal offense. *See Ligon v. City of New York*, 12-cv-2274 (SAS), 2012 U.S. Dist. LEXIS 81526 at *5 (S.D.N.Y. June 12, 2012). Additionally, the records are irrelevant to Plaintiff's claims of police misconduct because Castaldo's alleged actions occurred at least seventeen years after Plaintiff alleges Castaldo committed misconduct during the homicide investigation from 1995 through 1997.

B. The Individual Defendants' Personnel Records

Plaintiff seeks production of certain documents from Defendants Castaldo and Nester's personnel files. Specifically, Plaintiff requests that the following records from Castaldo's file be produced: (1) counseling letters; (2) personnel complaints; (3) performance evaluations; and (4) letters of commendation; and (5) documents related to a defensive tactics training course that Castaldo taught. Defendants previously produced to Plaintiff all letters of commendation that Castaldo received related to the Josette Wright case.[1] Defendants consent to producing the remaining requested letters of commendation, performance evaluations, and documents related to the defensive tactics training course taught by Castaldo. Defendants will produce same to Plaintiff no later than October 3, 2019.

Defendants maintain their objection to disclosing Castaldo's counseling letters and personnel complaints as well as Nester's disciplinary records. To determine the scope of documents to be disclosed the Court must balance the broad discovery permitted by Fed. R. Civ. P. 26(b) and interest in protecting constitutional rights, against the privacy interests of the Defendant Castaldo's privacy interests under New York Civil Rights Law § 50-a. *See Boyd v. City of New York*, 86-cv-4501 (CSH), 1987 U.S. Dist. LEXIS 1044 (S.D.N.Y. Feb. 11, 1987). In the specific context of police disciplinary files, the records need only be disclosed if the documents concern allegations similar in nature to the Plaintiff's allegations. *See Gibbs v. City of New York*, 243 F.R.D. 95 (S.D.N.Y. 2007). Defendants contend that none Plaintiff's allegations are similar to the issues addressed in the disciplinary records, nor do they evidence prior false statements, and request that the Court perform an *in camera* inspection.

Thank you for Your Honor's consideration.

                                        Respectfully submitted,

                                        /s/ James A. Randazzo

                                        James A. Randazzo

cc:    Counsel of record via ECF.

---

[1] Defendants produced documents related to the categories numbered 15, 17-19 of Castaldo's personnel records discussed in Plaintiff's Exh. A to the Letter Motion on August 26, 2019, Bates numbered PUTNAM 02950-02966.