



OFFICE OF THE

# ORANGE COUNTY DISTRICT ATTORNEY

COUNTY GOVERNMENT CENTER
255-275 MAIN STREET, GOSHEN, NEW YORK 10924-1627
TEL: 845-291-2050 • FAX: 845-378-2370
www.orangecountygov.com\DA



DAVID M. HOOVLER
District Attorney

November 15, 2019

Hon. Judith C. McCarthy
United States District Court
300 Quarropas Street
White Plains, New York 10601

Re: DiPippo v County of Putnam et al
2017 Cv 07948 (NSR)(JCM)

Your Honor,

Pursuant to the Court's Order that was issued in conjunction with the conference that was held on October 31, 2019, the Orange County District Attorney's Office is providing the attached privilege log, together with the following records for the Court's *in camera* review. Copies of this letter, along with the privilege log have been provided to counsel.

In addition to the grand jury testimony, for which the Court has already issued a preliminary ruling, the District Attorney's Office has identified the following records that we believe are privileged and should not be disclosed:

Handwritten Notes -Exec. ADA Andrew Kass (OCDA 1-12)
The enclosed notes were made by the undersigned following the appointment of the Orange County District Attorney's Office as the Special District Attorney in the matter of the People of the State of New York verses Patrick Castaldo, Putnam County Indictment Number 2015-001 and reflect my review of the appellate brief and other records that were provided by the Putnam County District Attorney's Office and my thoughts concerning how best to proceed with the then pending appeal as well as the identification of potential issues, both factual and legal, in the event that the People's appeal proved to be successful and the criminal charges were reinstated. As such, the notes constitute attorney work product (see United States v Zhu, 77 F Supp 3d 327, 329-330 [SDNY 2014]). To the extent that the notes may refer to non-privileged factual information, plaintiff has access to that information through other sources, including the state court decisions and appellate briefs that are being provided to the parties pursuant to the previously issued subpoena duces tecum. Thus, the application of the attorney work product doctrine does not create an undue hardship (see Id. at 330).

1

Handwritten Notes-Chief Trial ADA John Geidel (OCDA 13-18)
The enclosed notes were made by Orange County Chief Trial Assistant District Attorney John Geidel, who was assigned to handle the prosecution against Patrick Castaldo. The notes reflect Mr. Geidel's subjective thoughts and views of the case based on his review of the records contained in the file, including the grand jury minutes, reports, statements, and evidence, and conversations with other members of the Orange County District Attorney's Office and were made in anticipation of future litigation in the event that the People's appeal proved to be successful and the criminal charges were reinstated. Accordingly, these notes are protected under the attorney work product privilege (see United States v Zhu, 77 F Supp 3d at 329-330).

Repository – Kenneth DeFreitas (OCDA 19-52)
The repository consists of the criminal history for Kenneth DeFreitas, who was the subject of certain of the criminal charges that were filed against Patrick Castaldo. Beyond the question of the history's relevance to this proceeding, disclosure of the repository would violate the terms and conditions of the agreement between the Putnam County District Attorney's Office and the New York State Division of Criminal Justice Services or DCJS, which restricts public access to such records. As an assistant district attorney who is authorized to have access to such criminal records, I am familiar with those restrictions, and the same restrictions apply to the Orange County District Attorney's Office. Additionally, the criminal history contains other confidential records, including social security numbers, NYSID Numbers, FBI numbers, and other personal identification information. The state's interest in the confidentiality of these records outweighs any potential interest in the records, and in particular, where as in this case, plaintiff had not made any showing for the need for such records as they relate to the claims against Mr. Castaldo (see e.g. Crosby v City of New York, 269 FDR 267, 283 [SDNY 2010]).

Caselaw-Legal Research (OCDA 53-78).
The legal research speaks for itself and was completed for the purpose of being prepared to respond to potential legal issues that related to the criminal prosecution of Patrick Castaldo.

Kenneth DeFreitas – Proffer (OCDA 79-83)
These records include a signed proffer agreement as well as a record of statements made by Mr. DeFreitas during an interview. In addition to the absence of a showing of the relevance of these records, Mr. DeFreitas is currently serving a state prison sentence and, therefore, the public disclosure of such records could potentially pose a threat to his safety.

Medical Records – Kenneth DeFreitas (OCDA 84-136).
These records consist of medical records for Mr. DeFreitas that followed the incident of July 3, 2014. As such, the records are protected under HIPPA. To the best of my knowledge, Mr. DeFreitas is not a party to this action, and he has not waived any privilege with respect to his medical records. Nor has plaintiff provided a signed release from Mr. DeFreitas.

Photographs and Medical Records – Kenneth DeFreitas (OCDA 137-176)
In addition to containing many of the same medical records that are referred to immediately above, this group of records contains copies of photographs that show Mr. DeFreitas partially nude. Their disclosure would constitute an unwarranted intrusion on Mr. DeFreitas' right to privacy.

Cell Phone Usage Report (Set #1) (OCDA 177-185)
The records in question are believed to relate to calls made by Patrick Castaldo on July 3, 2014. Release of these records would reveal the phone numbers of third parties, including phone numbers for members of the Putnam County Sheriff's Department. Furthermore, plaintiff has made no showing regarding the relevancy of these particular records, and thus their disclosure would permit plaintiff to turn the subpoena process into a fishing expedition.

Cell Phones Usage Report (Set #2) (OCDA 186-191)
The records in question are believed to relate to calls made by Chief Schramek on July 3, 2014. The same concerns that are outlined above apply to these records.

E-Mail Communications -Putnam County District Attorney's Office (OCDA 192-198)
The attached affirmation of Chief Assistant District Attorney Chana Krauss of the Putnam County District Attorney's Office demonstrates that the e-mails contain communications between former District Attorney Levy and Chief Assistant District Attorney Krauss and were prepared at the direction of the District Attorney and in anticipation of litigation. The communications also reflect internal deliberations and conversations as well as advisory opinions and recommendations concerning the investigation of the July 3, 2014 incident involving Investigator Patrick Castaldo that were discussed among certain of the members of the Putnam County District Attorney's Office (see In re Methyl Tertiary Butyl Ether Prods. Liability Litigation, 643 F Supp 2d 439, 441 [SDNY 2009]; United States v Wey, 252 F Supp 3d 237, 249-250 [SDNY 2017]).

E-Mail Communications -Putnam County District Attorney's Office (OCDA 199-200)
The attached affirmation of Lisa Ortolano, who was formerly with the Putnam County District Attorney's Office, demonstrates that the e-mails contain communications between former District Attorney Levy and Ms. Ortolano and were prepared at the direction of the District Attorney and in anticipation of litigation. The communications also reflect internal deliberations and conversations as well as advisory opinions and recommendations concerning the investigation of the July 3, 2014 incident involving Investigator Patrick Castaldo that were discussed among certain of the members of the Putnam County District Attorney's Office (see In re Methyl Tertiary Butyl Ether Prods. Liability Litigation, 643 F Supp 2d 439, 441 [SDNY 2009]; United States v Wey, 252 F Supp 3d 237, 249-250 [SDNY 2017]).

The Court's attention to the privileges identified here is appreciated.

Very truly yours,

DAVID M. HOOVLER
DISTRICT ATTORNEY

ANDREW R. KASS
Executive Assistant District Attorney

cc: Mark M. Baker, Esq. (mbaker@braflaw.com)
James A. Randazzo, Esq. (jrandazzo@portalerandazzo.com)
Nick Joel Brustin, Esq. (nick@nsbcivilrights.com)
Emma Kate Freudenberger, Esq. (emma@nsbcivilrights.com)
Drew William Sumner, Esq. (drew.sumner@summnerllp.com)
Richard W. Sawyer, Esq. (rick@nsbcivilrights.com)
Meghna Philip, Esq. (meghna@nsbcivilrights.com)