UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANTHONY DiPIPPO,

                Plaintiff,

      –against–

COUNTY OF PUTNAM; Putnam County
Sheriff's Department Sheriffs ROBERT
THOUBBORON in his individual capacity;
Investigators DAN STEPHENS, PATRICK,
CASTALDO, BILL QUICK, and Putnam County
Sheriff's Department Officer VICTOR
NESTOR, in their individual capacities,

                Defendants.
---------------------------------------------------------------X

**ORDER**

17 Civ. 7948 (NSR)(JCM)

      Before the Court is a letter motion, filed on December 3, 2019 by Plaintiff Anthony DiPippo (hereinafter "Plaintiff"), to compel non-party Orange County District Attorney's Office ("OCDA") to produce documents relating to Defendant Patrick Castaldo's 2014 prosecution for filing a false instrument. (Docket No. 66). On October 31, 2019, the Court ordered OCDA to submit a privilege log to the Court that "provid[ed], with specificity, the documents over which they claim[ed] any privilege." (Minute Entry for October 31, 2019 Conference). On November 15, 2019, OCDA submitted a privilege log to the Court along with the documents they argue are privileged for *in camera* review. (Docket No. 65).

      Plaintiff specifically seeks two categories of documents that OCDA withheld: (1) photographs and medical records that allegedly document injuries sustained during Defendant Patrick Castaldo's arrest of Kenneth DeFreitas on July 2014; and (2) Defendant Castaldo's and then-Chief of the Putnam County Sherriff's Department Gerald Schramek's cellphone records from the day of DeFreitas' arrest. (Docket No. 66 at 1). Defendants take no position with respect

1

to Plaintiff's letter motion, but request that any documents produced be marked confidential pursuant to the parties' Confidentiality Stipulation and Order. (Docket No. 67).

OCDA asserts in its privilege log that DeFreitas' medical records and photographs are "protected under HIPPA [sic]" and that their production would "constitute an unwarranted intrusion on Mr. DeFreitas' right to privacy." (Docket No. 65 at 2). OCDA further asserts that the production of Castaldo's and Chief Schramek's July 3, 2014 cellphone usage records would "reveal the phone numbers of third parties, including phone number for members of the Putnam County Sherriff's Department" and are otherwise not relevant. (*Id.* at 3). Plaintiff argues that OCDA fails to cite any privilege that justifies withholding these documents, and other than obliquely referencing HIPAA along with the privacy rights of DeFreitas and third-party police officers, fails to cite any cases or statutes that support withholding the documents. (Docket No. 66 at 1-2).

After reviewing *in camera* DeFreitas' medical records and photographs, (Bates Stamp Nos. OCDA 84-176), and the cellphone records (Bates Stamp Nos. OCDA 177-191), the Court finds that these documents are relevant for discovery purposes. Plaintiff's Complaint raises claims of malicious prosecution, fabrication, deprivation of liberty without due process, failure to intervene, the existence of a civil rights conspiracy, supervisory liability, and municipal liability. (Docket No. 1 at ¶¶ 209–259). Plaintiff seeks to use the photographs and medical records to cast doubt upon "Castaldo's claim that he did not use excessive force during the arrest," and the cellphone records to determine who Castaldo consulted with prior to drafting the arrest report relating to the July 3, 2014 arrest. (Docket No. 66 at 1-2). Given the factual similarities between Castaldo's alleged filing of a false instrument in 2014 and the misconduct alleged in the Complaint, (Docket No. 1 at ¶¶ at 139-46), these documents are relevant for discovery purposes.

2

*See Zhao v. City of New York*, No. 07-CV-3636(LAK)(MHD), 2007 WL 4205856, at *2 (S.D.N.Y. Nov. 21, 2007) (ordering the production of IAB and CCRB files "(and the underlying documentation) that pertain to conduct similar to that alleged by plaintiff"); *see also, Brown v. City of New York*, No. 08-CV-5095 (FB)(MDG), 2011 WL 4594276, at *2 (E.D.N.Y. Sept. 30, 2011) ("The defendants' alleged planting of drugs on the complainant is relevant to their character for truthfulness.").

Furthermore, DeFreitas' privacy interests can be adequately protected by marking his medical records and photographs confidential pursuant to the parties' Confidentiality Stipulation and Order and by further marking and maintaining such documents as attorneys' eyes-only. *See, e.g., MacNamara v. City of New York*, 249 F.R.D. 70, 94 (S.D.N.Y. 2008) (Finding that defendants failed to "articulate a colorable interest" against disclosure of information regarding undercover officers where such information could be designated as "confidential" or "attorneys' eyes only" pursuant to a protective order); *MacNamara v. City of New York*, 04-CV-9612 (KMK)(JCF), 2006 WL 3298911, at 8 n.11 (S.D.N.Y. Nov. 13, 2006) (attorneys' eyes only designation sufficient to protect privacy concerns where the City made a "vague contention" that HIPAA barred the release of non-party arrestee medical forms). OCDA is also required to redact all personal identifying information (i.e. date of birth, social security number, home address), excluding Mr. DeFreitas' name, from Bates Stamp Nos. OCDA 84-176. Finally, the cellphone usage records (Bates Stamp Nos. OCDA 177-191), shall be marked confidential pursuant to the parties' Confidentiality Stipulation and Order and, to further protect the privacy interests of third-parties, OCDA shall redact the first six digits of all phone numbers listed on the cellphone usage records prior to their production.

Accordingly, by December 10, 2019, OCDA is ordered to produce the documents bearing Bates Stamp Nos. OCDA 84-191. OCDA shall designate all documents as confidential pursuant to the parties' Confidentiality Stipulation and Order, and shall further designate DeFreitas' medical records and photographs, (Bates Stamp Nos. OCDA 84-176), as attorneys' eyes only. Finally, OCDA shall redact any personal identifying information from the documents, and shall redact the first six digits for all phone numbers contained in the cellphone usage records (Bates Stamp Nos. OCDA 177-191).

Dated: December 6, 2019
       White Plains, New York

**SO ORDERED:**

_\[signature\]_

JUDITH C. McCARTHY
United States Magistrate Judge